**LEW BRANDON, JR., ESQ.**
Nevada Bar No.: 5880
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No.: 10761
**DAVE M. BROWN, ESQ.**
Nevada Bar No.: 12186
**MORAN BRANDON BENDAVID MORAN**
630 S. Fourth Street
Las Vegas, Nevada 89101
(702) 384-8424
(702) 384-6568 - *facsimile*
*l.brandon@moranlawfirm.com*
Attorneys for Defendant,
ALBERTSONS, LLC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBERLY SMITH,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, LLC, and DOES I-V, and ROE CORPORATIONS I-V, inclusive,<br><br>Defendants. | CASE NO.:2:13-cv-01479-APG-CWH |

**DEFENDANT, ALBERTSONS, LLC'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant, ALBERTSONS, LLC by and through its undersigned attorneys, LEW BRANDON, JR., ESQ.. JUSTIN W. SMERBER, ESQ. and DAVE M. BROWN, ESQ., of MORAN BRANDON BENDAVID MORAN, and hereby submits the following Motion for Summary Judgment.

///

///

///

MBBM
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 348-6568

This Motion is made and based upon the Points and Authorities attached hereto along with all papers and pleadings on file herein.

DATED this 10 day of December, 2014.

MORAN BRANDON BENDAVID MORAN

**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JUSTIN W. SMERBER, ESQ.**
Nevada Bar No.: 10761
**DAVE M. BROWN, ESQ.**
Nevada Bar No.: 12186
630 S. Fourth Street
Las Vegas, Nevada 89101
Attorneys for Defendant,
ALBERTSONS, LLC.

## POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This matter involves a slip incident[1] occurring inside an Albertsons Grocery Store. It is Plaintiff's contention that she slipped in a "huge" puddle of water, which was caused by the misting system in the store's produce section. Based upon this allegation, Plaintiff contends that Defendant is negligent and responsible for her alleged incident. However, Plaintiff's claims against Defendant must fail, due to the following reasons:

1. Plaintiff has no evidence that Defendant's misting system leaked or sprayed any water on the floor;

2. Plaintiff herself never saw Defendant's misting system leak or spray any water on the floor;

3. It is Plaintiff's contention that she was told by Defendant's employee that the misting system sprayed water on the floor; however, said employee, Oscar Torres, has

[1] Plaintiff did not fall, she just slipped.



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 348-6568

confirmed in his attached affidavit that he did not make any such statement, because the misting system was not leaking or spraying water on the floor;

4. There were three (3) of Defendant's employees that responded to Plaintiff's alleged incident and inspected the area. All three of these employees have signed attached affidavits confirming that the misting system was not leaking or spraying water on the floor; and

5. Plaintiff has no witnesses or evidence to substantiate her alleged version of this incident.

During the course of this action, Plaintiff has identified no witnesses and conducted no depositions. Accordingly, Plaintiff is unable to substantiate her negligence claims against Defendant, as she has no evidence that Defendant caused her incident to occur. Defendant now moves for Summary Judgment.

## II. FACTS

Plaintiff, Kimberly Smith (hereinafter "Plaintiff") alleges that she slipped on August 7, 2011 at an Albertsons Grocery Store located at 4800 Blue Diamond Road in Las Vegas, Nevada. *See Plaintiff's Complaint on file herein.* Plaintiff contends that on the subject date, she "slipped on water spilled in the store walkway, causing her to fall to the floor." *Id. at p. 4.* Based on this allegation, Plaintiff filed a Complaint against Defendant, Albertsons, LLC (hereinafter "Defendant"), alleging negligence.

During the course of discovery in this matter, Defendant requested that Plaintiff describe her alleged incident and theory of liability pursuant to FRCP 33. Plaintiff described her incident and theory of liability as follows:

**INTERROGATORY NO. 2:**

Please describe fully and completely how and where the August 7, 2011 incident occurred. Please give the date, hour, and minute as nearly as possible, and indicate exactly what happened, how long the incident happened, how the incident concluded, as well as your daily activities both before and after this incident. State in your answer all events leading thereto in their sequential order.




MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 348-6568

**ANSWER TO INTERROGATORY NO. 2:**

On August 7, 2011, I walked into the produce department of Albertson's and slipped in water on the floor. The water was on the floor because of a spray nozzle that was either leaking or spraying water onto the floor instead of onto the produce. Several people approached me including a woman from the bakery department who claimed to have seen the incident.

**INTERROGATORY NO. 3:**

Please state in as much detail as possible, without providing any legal theories, what you contend caused your alleged fall on August 7, 2011.

**ANSWER TO INTERROGATORY NO. 3:**

My fall was caused by the slippery floor of the produce department at Albertson's, which had water on it because of the spray nozzle that was either leaking or spraying water onto the floor instead of onto the produce.

*See Plaintiff's Answers to Interrogatories attached as Exhibit "A."*

Given Plaintiff's allegation that her incident was caused by a leaking or "over-spraying" produce mister, Plaintiff was questioned extensively in this regard during her deposition. Plaintiff testified as follows:

**Q.** Do you know where the water was coming from, how it got on the ground?
**A.** The misting system, the sprinkler.

**Q.** And was it just spraying? Did you see it actually spraying water in that two-foot circumference area?
**A.** I just walked in the store. I wasn't looking for anything. I wasn't paying any mind.

**Q.** I understand that. What I'm asking, after you noticed that the water was there, after this incident happened; correct?
**A.** When I turned around to see what happened to me, that's what I realized that that I slipped and slid on something, and it was water. And the people were coming towards me and the water was there.

**Q.** What I'm asking is, did you actually see the mister dripping water in that spot?
**A.** When I turned around to see it, the water was still going on and I noticed the sprinkler was spraying the vegetables and I didn't pay any mind. The guy said it's spraying out too much.



MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE (702) 384-8424
FAX: (702) 348-6568

> **Q.** You didn't see the mister spraying any water on the ground?
> **A.** Right.

*Plaintiff's Deposition at pp. 74-75, ll. 11-25; 1-10 attached as Exhibit "B."*

> **Q.** Did you see that water then going on to the ground from the mister?
> **A.** No. I mean I didn't pay it -- no. I guess no.

*Id. at p. 76, ll. 14 -17.*

> **Q.** You didn't see water going on to the floor at any point?
> **A.** No.

*Id. at p.77, ll. 15-17.*

Accordingly, Plaintiff has made clear that she never saw the misting system malfunction, leak or over-spray and she did not see how this alleged water got on the floor.

Plaintiff contends that an Albertsons employee told her that the water was on the floor due to a malfunctioning spray nozzle. *See Plaintiff's deposition at p. 75, ll. 4-7 attached as Exhibit "B."* The employee that Plaintiff is referencing is Oscar Torres. Mr. Torres has confirmed in his attached affidavit, that the misting system in the produce section was not leaking or "over-spraying" on the date in question. *Torres Affidavit Attached as Exhibit "C."* Mr. Torres also confirms that he never made any such statement to the Plaintiff regarding the misting system. *See Id.* Mr. Torres also confirms that he did not see any puddle of water on the ground where Plaintiff alleged to have fallen. *See Id.*[2]

Plaintiff also contends that the first person to respond to her incident was an employee from the Defendant's Bakery Department. *See Plaintiff's deposition at p. 31, ll. 24-25 attached as Exhibit "B."* That individual's name is Laverne Cotton. Ms. Cotton was notified of the incident, when Plaintiff called her over to the produce area and claimed she had fallen. *See*

[2] When asked to describe the water that she slipped in, Plaintiff described it as a "huge puddle," "like a puddle of water in the rain." *See Plaintiff's Deposition at p. 45, ll. 24-24; p. 46, ll. 7-8 attached as Exhibit "B."*



MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 South 4th Street
Las Vegas, Nevada 89101
Phone (702) 384-8424
Fax: (702) 384-6568

*Cotton Affidavit attached as Exhibit "D."* Ms. Cotton did not witness Plaintiff fall, nor did she witness any puddle of water on the ground where Plaintiff alleged to have fallen. *See Id.* Ms. Cotton recalls that Plaintiff pointed to "two drops of water on the ground" and said she had slipped on these two drops of water. *See Id.* Further, Ms. Cotton provided that she did not observe any streaks or scuffs on the floor in the alleged incident area to indicate that Plaintiff had slipped. *See Id.*

Finally, Plaintiff does acknowledge that a store manager responded to her incident. That store manager was Connie Tom. *See Tom Affidavit attached hereto as Exhibit "E."* Ms. Tom arrived to assist Plaintiff and Plaintiff informed Ms. Tom where she allegedly slipped. *See Id.* Ms. Tom did observe water on the floor; however, this water was approximately four (4) to five (5) feet away from the area where Plaintiff indicated she had slipped. *See Id.* Ms. Tom also confirmed that she did not observe any streaks or scuffs on the floor to indicate that Plaintiff slipped and that she did not observe any liquid or foreign substance on the bottom of Plaintiff's footwear following the alleged incident. *See Id.*

Based on the foregoing, Defendant submits the following Motion for Summary Judgment, as no genuine issue of material facts exist as to Defendant's alleged negligence.

## II.
## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Tate v. Lau, 865 F.Supp. 681, 685 (D. Nev. 1994) (citing Fed. R. Civ. P. 56(c)). A material issue of fact is one that affects the outcome of the



MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 348-6568

litigation and requires a trial to resolve the differing versions of the truth. *Id.* at 686.[3] In a diversity case, substantive summary judgment issues are determined by state law. *See* Kusmirek v. MGM Grand Hotel, Inc., 73 F. Supp. 2d 1222, 1224 (D. Nev. 1999) (citing Bank of California v. Opie, 663 F.2d 977, 980 (9th Cir. 1981)).[4,5]

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).[6] The moving party meets this burden by showing an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once said initial burden is met, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); *see also* Celotex Corp., 477 U.S. 317 (holding the non-moving party must set forth "specific facts showing that there is a genuine issue for trial"). "[A] complete failure of proof concerning [any one] essential element of a non-moving party's case, necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23.[7] The non-moving party, or the party opposing summary judgment, must come forth with evidence in the form of affidavits, depositions,

[3] *See also* Admiralty Fund v. Jones, 677 F.2d 1289, 1293 (9th Cir. 1992); Posadas v. City of Reno, 109 Nev. 448, 851 P.2d 438 (1993).

[4] The Nevada Supreme Court has adopted the standard for summary judgment as set forth in the United States Supreme Court's decisions in Anderson v. Liberty Lobby, Inc. and Matsushita Electric Co v. Zenith Radio, which limits the nonmoving party from artificially creating a genuine issue of material fact in order to avoid summary judgment. *See* Wood v. Safeway, Inc., 121 Nev. 724, 730-731 (2005) (citing Anderson v. Liberty Lobby, Inc. 477, U.S. 242 (1986); Matsushita Electric Co v. Zenith Radio, 475 U.S. 574 (1986)). In Wood, the Nevada Supreme Court held that defendants may not "create" a genuine issue of material fact simply by making general allegations and conclusory statements. *Id.* Rather, **"[t]he nonmoving party must, by affidavit or otherwise, set forth facts demonstrating the existence of a genuine issue for trial or have summary judgment entered against him. The nonmoving party is not entitled to build a case on the gossamer threads of whimsy, speculation, and conjecture."** *Id.* at 732.

[5] The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. Northwest Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).

[6] *See also* Metro Indus., Inc. v. Sammi Corp., 82 F.3d 839, 847 (9th Cir. 1996); Butler v. Bogdanovich, 101 Nev. 449, 705 P.2d 662 (1985); Intermountain Veterinary Medical Ass'n v. Kiesling-Hess Finishing Co., 101 Nev. 107, 706 P.2d 137 (1985); Main v. Stewart, 109 Nev. 721, 857 P.2d 755 (1993).

[7] Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Raymond v. Albertson's Inc., 38 F. Supp. 2d 866, 868 (D. Nev. 1999) (citing Celotex, 477 U.S. at 322).



MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 South 4th Street
Las Vegas, Nevada 89101
Phone (702) 384-8424
Fax: (702) 384-6568

etcetera, which set forth specific facts; the opposing party cannot rest on mere pleadings. Aldabe v. Adams, 81 Nev. 280, 402 P.2d 34 (1965).[8] Only evidence that might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Beyene v. Coleman Security Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988). Conclusory or speculative testimony, as well as uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact, necessary to preclude summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).[9]

## III.
## LEGAL ARGUMENT

Summary Judgment is appropriate in this matter, because Plaintiff has no evidence to support her alleged theory of liability. Plaintiff alleges that she slipped due to water on the floor, which was created by a leaking or over-spraying produce mister in the produce aisle. Plaintiff never saw this allegedly leaking or over-spraying produce mister spraying water on the floor, and it is her contention that an employee told her that the mister was spraying water on the floor. However, Defendant has provided signed sworn affidavits confirming that the alleged produce mister was not leaking or over-spraying, and that there was no water in the area of Plaintiff's alleged fall. Given that Plaintiff has no evidence to contradict these facts, summary judgment is appropriate.

### A. Plaintiff's Negligence Claims must fail, because she has no factual evidence to support her theory of liability.

In order for Plaintiff to set forth a claim against Defendant for negligence, Plaintiff must be able to establish all of the following: (1) that Defendant owed a duty of care to Plaintiff; (2)

[8] *See also* Ferriera v. P.C.H. Inc., 105 Nev. 305, 774 P.2d 1041 (1989).
[9] *See also* Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio, 475 U.S. 574, (1986); Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995); Hahn v. Sargent, 523 F.2d 461, 467 (9th Cir. 1975).


MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE (702) 384-8424
FAX: (702) 348-6568

that Defendant breached that duty; (3) that said breach was the actual and proximate cause of Plaintiff's injuries; and (4) that Plaintiff suffered damages. Perez v. Las Vegas Medical Center, 107 Nev. 1, 4, 805 P.2d. 589 (1991).[10,11] Plaintiff must come forward with evidence to support her negligence cause of action. Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962). Furthermore, **THE MERE FACT THAT THERE WAS AN ACCIDENT OR OTHER EVENT AND SOMEONE WAS INJURED IS NOT ITSELF SUFFICIENT TO PREDICT LIABILITY.** (Emphasis added). Gunlock v. New Frontier Hotel, 78 Nev. 182, 184-84, 370 P.2d 682 (1962).

In the present matter, Plaintiff has no evidence to support her alleged theory of liability. For purposes of summary judgment, the burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (U.S. 1986). Defendant, Albertsons, LLC contends by way of this motion that there is an absence of evidence to support Plaintiff's case.

Plaintiff's theory of liability is that Defendant had a leaking or over-spraying produce mister in the produce aisle of its store, and that mister sprayed water on the ground. Accordingly, it is Plaintiff's theory of liability that Defendant created a hazardous condition, *i.e.* a water spill, and Plaintiff slipped due to that condition. However, the facts of this case clearly show that Plaintiff did not slip due to any leaking or over-spraying produce mister in

[10] A federal court sitting in diversity must apply state substantive law. *See* Torres v. Goodyear Tire & Rubber Co., 867 F.2d 1234 (9th Cir. Ct. App. 1989) (citing Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938)). The Nevada Supreme Court is controlling authority on questions of Nevada law. See Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (Nev. D. Ct. 1992)(citing Commissioner v. Bosch, 387 U.S. 456 at 465, 18 L. Ed. 2d 886, 87 S. Ct. 1776, 19 A.F.T.R.2d (P-H) 1891 (1967)).
[11] *See also* Doud v. Las Vegas Hilton Corp., 109 Nev. 1096, 1100, 864 P.2d 796 (1993); Hammerstien v. Jean Dev. West, 111 Nev. 1471, 1475, 907 P. 2d 975 (1995).


MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 South 4th Street
Las Vegas, Nevada 89101
Phone:(702) 384-8424
Fax: (702) 348-6568

Defendant's produce aisle. In support of this Motion, Defendant is producing three separate affidavits, which confirm the following facts:

- There was no leaking or over-spraying produce mister in the produce aisle;
- There was no produce mister spraying water on the floor in the produce aisle; and
- There was no puddle of water on the floor where Plaintiff alleges she slipped.

*See Exhibits "C," "D" and "E" attached hereto*. The only potential evidence that Plaintiff has in this case is her own self-serving testimony. However, Plaintiff's own self-serving testimony cannot be used to avoid summary judgment, when that self-serving testimony is contrary to all other facts in a case.

Additionally, Plaintiff cannot rely simply on her alleged injuries to demonstrate the Defendant's negligence. As stated in Gunlock v. New Frontier Hotel, 78 Nev. 182, 184-84, 370 P.2d 682 (1962), the mere fact that an accident occurred is insufficient to predict liability, and Plaintiff must prove Defendant's negligence. However, Plaintiff has done no discovery in this matter that would demonstrate Defendant's alleged negligence. Even Plaintiff's own testimony is insufficient to prove Defendant's negligence, as she herself testified under oath that she never witnessed any leaking or over-spraying produce mister spraying water on the floor in the produce aisle.

Plaintiff does make the allegation that responding employee, Oscar Torres told her that the produce mister was spraying water on the floor; however, this is contradicted by all other evidence in this matter. Specifically, Mr. Torres provided a signed affidavit confirming that this is not true. Further, Plaintiff's conclusory or speculative testimony, as well as uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact,

MB BM
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 South 4th Street
Las Vegas, Nevada 89101
Phone:(702) 384-8424
Fax: (702) 348-6568

necessary to preclude summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).[12]

There are no genuine issues of material fact in this matter. There is an absence of evidence to support Plaintiff's theory of liability against Albertsons, LLC. Specifically, there is no evidence that Plaintiff slipped due to a leaking or over-spraying produce mister in the produce aisle. To the contrary, there is overwhelming witness evidence that indicates that no such condition existed on Defendant's premises. Given Plaintiff's lack of evidence to support her case, Defendant requests that Summary Judgment be granted.

## IV.

## CONCLUSION

Based upon the foregoing, Albertsons, LLC. respectfully requests that this Honorable Court grant Summary Judgment in favor of Albertsons, LLC with regards to Plaintiff's claims.

DATED this 10 day of December, 2014.

**MORAN BRANDON BENDAVID MORAN**

**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**DAVE M. BROWN, ESQ.**
Nevada Bar No.: 12186
630 S. Fourth Street
Las Vegas, Nevada 89101
Attorneys for Defendant,
ALBERTSONS, LLC.

[12] *See also* Martinez v. City of Los Angeles, 141 F.3d 1373, 1378 (9th Cir. 1998); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio, 475 U.S. 574, (1986); Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995); Hahn v. Sargent, 523 F.2d 461, 467 (9th Cir. 1975).




MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE (702) 384-8424
FAX: (702) 348-6568

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on Decmber 11, 2014, I served a true and correct copy of the foregoing **DEFENDANT, ALBERTSONS, LLC'S MOTION FOR SUMMARY JUDGMENT** through the Court's ECF electronic filing system:

**JACQUELINE R. BRETELL, ESQ.**
Nevada Bar No. 12335
MORRIS ANDERSON
716 S. Jones Blvd.
Las Vegas, NV 89107
(702) 333-1111
Facsimile – (702) 507-0092
Attorney for Plaintiff,
KIMBERLY SMITH

/s/ Darcy Flores-Laguna
An Employee of Moran Brandon Bendavid Moran

MB BM
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW
630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE (702) 384-8424
FAX: (702) 348-6568