UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY SMITH,<br><br>           Plaintiff,<br><br>  v.<br><br>ALBERTSONS LLC,<br><br>           Defendant. | Case No. 2:13-cv-01479-APG-CWH<br><br>**ORDER**<br><br>(DKT. #30) |

Plaintiff Kimberly Smith contends she slipped on water in defendant Albertsons LLC's store. She brought negligence claims alleging Albertsons failed to maintain the premises in a safe condition. She contends the sprinklers in the produce department over-sprayed water onto the floor. Albertsons moves for summary judgment on the ground that there is no evidence the sprinklers in the produce department caused the water to be on the floor. Because a genuine issue of material fact exists regarding whether there was water on the floor from the sprinklers, I deny the motion.

**I. BACKGROUND**

According to Smith, on August 7, 2011, she slipped on water when she walked into the produce department at Albertsons. (Dkt. #30-1 at 3, 6.) She described the water on the floor as a "huge puddle." (Dkt. #30-2 at 4-5.) Smith states that someone from the bakery department saw the incident and cleaned up the water with paper towels. (*Id.*)

Smith saw sprinklers spraying water on the produce, but she did not see the sprinklers spraying water onto the floor. (*Id.* at 6-9.) According to Smith, Albertsons employee Oscar Torres told her the sprinklers were "spraying out too much." (*Id.* at 3, 7-8.) Torres denies that on the day of the incident the produce sprinklers sprayed water on the floor. (Dkt. #30-3.) He also denies that he told Smith that the system was leaking or over-spraying. (*Id.*) Torres did not see a

puddle of water in the area. (*Id.*) Two other Albertsons employees, Laverne Cotton and Connie Tom, also state that they observed the area where the incident occurred. Cotton claims she saw two drops of water on the ground but not a puddle of water. (Dkt. #30-4.) Tom asserts that water was on the floor but it was located approximately four to five feet from where Smith allegedly slipped. (Dkt. #30-5.) Tom did not observe any liquid on the bottom of Smith's shoes. (*Id.*)

Albertsons moves for summary judgment, arguing that there is no evidence the produce sprinkler system leaked or sprayed water on the floor. Albertsons contends Smith never saw it leaking, and Torres denies it was leaking and that he told Smith it was leaking. Albertsons also argues that its other employees who responded to the incident did not see the sprinkler system leak or spray water on the floor. Albertsons thus argues there is no evidence Smith slipped due to a leaking or over-spraying sprinkler in the produce section other than Smith's own "self-serving" testimony.

Smith responds that Albertsons' own evidence shows there was water on the floor and she testified that one of Albertsons' employees told her the sprinkler was spraying too much water. Smith argues that determining witness credibility is a matter for the jury and therefore the court cannot grant summary judgment based on the employees' contrary statements regarding the cause of the water being on the floor.

**II. ANALYSIS**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden

then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

"The owner or occupant of property is not an insurer of the safety of a person on the premises, and in the absence of negligence, no liability lies." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993) (citing *Gunlock v. New Frontier Hotel*, 370 P.2d 682, 684 (1962)). To establish negligence, a plaintiff must show: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011) (en banc). A "business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague*, 849 P.2d at 322. The business breaches that duty if its owner or one of its agents is the source of a foreign substance on the floor because "a foreign substance on the floor is usually not consistent with the standard of ordinary care." *Id.* On the other hand, if the "foreign substance causing a slip and fall results from the actions of persons other than the business or its employees, liability will lie only if the business had actual or constructive notice of the condition and failed to remedy it." *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012) (quotation omitted).

Viewing the facts in the light most favorable to Smith, genuine issues of fact remain regarding whether there was water on the floor and whether that water came from the produce sprinklers. Smith testified there was water on the floor, as did two of Albertsons' employees. Although the witnesses disagree about the amount and location of the water, those are factual issues for the jury to resolve. Additionally, genuine issues of fact remain regarding whether Albertsons or its agents caused the water to be on the floor. Smith testified she saw the sprinklers spraying water, although she did not see water spraying onto the floor. However, she testified

that an Albertsons' employee told her the sprinklers were spraying too much.[1]  Torres denies making the statement, but credibility is a matter for the jury not the court on summary judgment. Consequently, issues of fact exist regarding whether the produce sprinklers over-sprayed water onto the floor.

Albertsons contends Smith's own "self-serving" testimony cannot create a genuine issue of material fact. Albertsons' reliance on *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) is misplaced. The fact that a declaration is self-serving is not a reason to disregard it on summary judgment. *S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007).[2]  Generally, the fact that an affidavit is self-serving "bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact." *Id.* (quoting *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999)).

There are circumstances where a court may disregard a self-serving affidavit at the summary judgment stage. For example, a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) (quotation omitted). Specifically in *Villiarimo*, the affiant provided "no indication" how she knew the asserted facts were true, and there was no other evidence on the subject. 281 F.3d at 1059 n.5. Likewise, a plaintiff's affidavit that contradicts her own deposition testimony cannot raise an issue of fact to avoid summary judgment. *Orr v. Bank of Am.*, 285 F.3d 764, 780 n.28 (9th Cir. 2002). Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007)

---

[1] Albertsons does not object to the admissibility of this statement, which appears to be an admissible admission by one of its employees made during the course and scope of his employment. *See* Fed. R. Evid. 801(d)(2)(D).

[2] Almost all evidence (whether by affidavit, deposition, or trial testimony) offered by a party is "self-serving." If the evidence is not helpful and serving the party's interest, the party likely would not offer it. It is the conclusory, unsupported testimony that is objectionable.

None of those circumstances exists here. Smith testified about what she saw and heard on the date of the incident. Her story is corroborated in some respects because Albertsons' employees saw water on the floor and Torres admits he responded to the scene of the incident, although he denies he told Smith the water on the floor was caused by the sprinklers over-spraying. Smith does not contradict any prior testimony she has given under oath. A reasonable jury could believe her version of events over the Albertsons' employees' version. Consequently, there is no basis to disregard Smith's testimony. Instead, the credibility of the witnesses is a matter for the jury. *Nelson v. City of Davis*, 571 F.3d 924, 927 (9th Cir. 2009).

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Albertsons, LLC's motion for summary judgment (Dkt. #30) is DENIED.

DATED this 8th day of July, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE